Judge Marshall
delivered the Opinion of the Court.
The administrators of Moses Scott, deceased, brought a j°int action of debt against the administrator with the will annexed of James King, deceased, and the heirs and devisee, and the devisee of a devisee, of said James King. Upon demurrer, the declaration was adjudged to be insufficient; and the only question to be decided, is whether the devisee of a devisee of the original debtor can be sued jointly with his administrator and heirs and devisees.
A. creditor had no remedy at common law against the devisee of his debtor; but by the statute of fraudulent devises (3 W. M.) re-enacted in this state, in 1796, (1, *471 Slat. Law, 742,) an action of debt is given against the heirs and devisees jointly, upon his bonds and other specialties. Whether this statute authorizes an action at law to be maintained, underjany circumstances, against the devisee of a devisee, need not now be determined. Its literal import gives the remedy only against the devisee of the original obligor.
The statute gives the joint action against, the heirs and devisees, but does not, in express terms, include the devisees of heirs, or devisees: quere, ther efore,whether they are bound • — if so, they are notliabl ^jointly with surviving heirs or devisees ofthe testator; as to them, the action survives (by statute;) and to reach the heirs or devisees ofthe deceased devisee' (if they can be reachedat law,at all,) a separate action would be necessary.
The heir of an heirmay be joined with surviving heirs, because he is the heir and representative of the propositus; and so may the executor of an executor — for a like reason.
It is contended, however, that as, by the common law, the action of debt might be brought, as well against the remote, as against the immediate heir, the statute giving the action against the immediate devisee, should, by analogy, be extended to embrace the remote devisee also, and to substitute him in the place of the immediate devisee. If the liability of the remote heir to be sued, was a consequence of the liability of his immediate ancestor, or could be regarded as a mere extension of the principle by which the immediate heir is held liable, the analogy, though not then perfect, would give considerable force to the argument. But the analogy does not hold even to this extent. At common law, the heirs were liable to the action, only when the obligation of their ancestor purported to bind them expressly, and they were liable, to the extent of assets descended, because they were bound nominatim. The word heirs, being nomen collectivum, embraced within its literal signification the remote as well as the immediate heir. And the remote heir was held liable to the extent of the assets descended to him, not because his immediate ancestor was liable, but because his remote ancestor had made him liable. But the word devisee has no such comprehensive signification. It embraces a single individual, and not a succession 6f individuals.
The statute gives a joint action against the heirs and devisees of the obligor. According to the distinction which we have stated, any remote heir or heirs are embraced by this provision, but only the immediate devisee; and the consequence is, that, although a joint action may be maintained, under the statute, against the immediate devisee and the remote heir, it cannot be maintained against the immediate heir and the remote devisee.
*472 Whether, by a liberal construction of the statute, the devisee of the obligor may not, m consequence of being rendered liable to an action, be considered as the debtor, t t to the extent of the land devised, is not necessary to be ¿ec¡¿e(j |n this case. For if it were conceded, that he is to be considered, to this extent, as the debtor, or even as the obligor, he is not the sole obligor, but, so far as the action is concerned, is liable jointly with other devisees, and with the heir; and in case of the death of either of these parties, the effect of this statute, when coupled with the third section of the act of 1797, concerning joint rights and obligations, (1 Slat. Law, 318,) would be, to give a joint action against the remaining obligors, excluding the devisee and other representatives of one who may have died; or against the representatives (including the devisee) of the deceased obligor.
The application of the act of 1793,(1 Stat. Law, 316,) to the case, produces no effect in regard to the point now under consideration. That statute authorizes a joint action against the executor, heirs and devisees “of the dead person;” but it is the executor, heir and devisee of the same person that are to be joined. The heir of the heir may be joined in this action, because he is the heir and representative of the propositus; and, for a similar reason, the executor of the executor may be united. But the same reason does not apply to the executor, heir or devisee of a devisee. The devisee does not stand in law as the representative of the testator, and his devisee is not as such substituted in his place.
Considering the original debtor, therefore, as the ‘dead person’ whose executors, heirs and devisees may be sued jointly, the devisee of his devisee cannot be joined, because he is not his devisee; and on the same ground, the executor or devisee of the heir cannot be joined. Or if, by force of the statutes which have been referred to, the executors, heirs and devisees of the original debtor are, as such, tobe considered as debtors, then, upon the death of one of them, the action, upon common law principles, survives against the-others; or it may, by statute, be brought against the executors, heirs and devisees of the deceased party. But we know of no statute, which au~ *473 t-horizes the representatives of a deceased party, who was jointly liable with others, to be united in the same suit with the surviving co-obligors or co-debtors; and there is certainly none which authorizes the devisee alone of the deceased to be so united.
Wherefore, the judgment is affirmed.