Nelson's heirs *vs* George and wife.                    EJECTMENT.

APPEAL FROM A JUDGMENT OF THE GENERAL COURT.          *Case 86.*

*Heirs and devisees. Judgment. Chancery. Common law. Jurisdiction.*

JUDGE EWING delivered the Opinion of the Court.         *May* 13.

This is an action of ejectment, brought by Nelson's heirs against George and wife, for 649 acres of land, claiming title under a deed of the Marshall for the State of Kentucky.

Verdict was obtained, under the instructions of the Court, to find for the defendants, and a judgment rendered accordingly, from which Nelson's heirs have appealed to this Court.

Facts of the case.

Nelson, in his lifetime, brought suit on an injunction bond, against the heirs and devisees of Joseph Brooks, deceased, and recovered judgment, "to be levied of the estate of the *decedent* which has *descended* to the said *heirs* and *devisees.*" Execution was sued out thereon, and among, many other tracts, was levied on the tract of land in contest, which had been devised by the decedent to his daughter Polly Pendegrast, who had devised the same to her daughter Mrs. George, one of the defendants, years before the suit on the injunction bond had been commenced.   Mrs. George had been joined in this suit, with the proper heirs and immediate devisees of Joseph Brooks, and sued as *one of his* heirs and devisees, and judgment rendered against her as such, by default.

Though the language used in the judgment is inappropriate and unclerical, it must be understood as clearly intending to express the idea that not only the land *descended* but that devised was subject to be levied on.   Force and effect could not be given to the language used by any other construction.   Lands in the hands of the devisee, as such, were intended to be subjected, as well as those in the hands of the heir, or the word *devisee* need not have been used.   And though land could not be prop-

Nelson's heirs
*vs*
George & wife.

A devisee of a devisee .cannot be joined in a suit with the h's and devisees, as def'ts at law— *Qu.* Can the devisee of a devisee be sued in any form for the debt of the first testator under our statutes?

On a judgment against 'the heirs and devisees, of J. B. lands devised by a devisee of J. B. and so held, although originally part of the estate of the first testator, cannot be sold.

erly said to *descend* to him, it could come to him by *devise,* and such as came to him as *devisee,* (which could alone come by *devise,*) was intended to be subjected.

But it was determined by this Court, in the case of *Scott's adm'rs* vs *King's heirs, &c.* 3 *Dana,* 470, that a devisee of a devisee could not be joined in a suit with the heirs and devisees of the original devisor, and pretty clearly intimated that our statutes, *Stat. Laws,* 742, 748, did not authorize an action at law against such a devisee in any form. We still adhere to the opinion then given, and are also inclined to the opinion there intimated. At common law the *devisee* could not be sued, and our statutes, according to their literal import, only authorize an action against the devisee of the "dead person," "or the devisee or devisees of the deceased obligor."

But if an action at law could be maintained against a remote devisee, he should be sued in his proper character, and the estate sought to be subjected, should be embraced by the *terms* of the judgment.

Mrs. George was sued as the heir and *devisee* of *Brooks,* and not as the *devisee* of *Pendegrast,* and the judgment was rendered and execution sued out against her as the heir and *devisee* of *Brooks.* She was apprised by the suit, that the estate devised to her by *Brooks,* or cast upon her by descent from him, was sought to be subjected, but could scarcely have been apprised that the land in contest, which was *devised* to her by *Pendegrast* and not by Brooks, was sought to be made liable, and might therefore, have been well deceived and misled as to the necessity of making defence. Besides, if she could have been apprised that the land held by her, because it had been devised by Brooks to her devisor, was sought to be made liable, the judgment does not embrace in its terms land devised by Pendegrast to her, but land devised by Brooks and such only could be levied on. If she had derived title to the land by deed of bargain and sale from Pendegrast, it could not have been sold under an execution issuing on a judgment, which, by its terms, embraced estate only which descended to or was devised to her by Brooks. Though as devisee or fraudulent purchaser, the estate might be subjected to the payment of the debts

of the original devisor, it could certainly not be subjected in either case, in this form of proceeding and under this form of judgment.

She was properly made a a party to the suit as *heir,* of Brooks, as a remote heir may be joined with an immediate heir, all being heirs of the *propositus.* She could not therefore have abated the suit; and failing to plead, judgment was properly rendered against her, but could only be levied upon lands descended to her from Brooks or devised to her by him.

The statute of fraudulent conveyances, *Stat. Law, supra,* declares void devises only as to creditors. They can be avoided by the creditor only, but until they are avoided they are valid, and if the land devised be devised to another, the statute has not provided the remedy to pursue it in the hands of the second devisee at law.

But as land here is made liable for the payment of debts, there can be no doubt that in Chancery it may be pursued in the hands of any holder without consideration, whether he claims by gift or devise: *Couchman's heirs* vs *O'Bannon,* 1 *Marshall,* 387; *Cox's heirs* vs *Strode,* 2 *Bibb,* 273; 3 *J. J. Marshall,* 40, and especially, *Buford* vs *Pawling's executors, &c.* 5 *Dana,* 277–8.

*Lands devised may be subjected by the Chancellor to the payment of the debts of the testator, in the hands of any holder without consideration.*

We are, therefore, of opinion that the instruction of the Circuit Court was proper, and the judgment is affirmed with costs.

*Robinson* and *Johnson* for plaintiffs: *Loughborough* for defendants.